UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| MARK RALSTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:13-cv-159-WGH-TWP |
| | ) |
| CRAIG & LANDRETH PRE-OWNED, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT'S AMENDED MOTION TO DISMISS**

This matter is before the Magistrate Judge on Defendant Craig & Landreth Pre-Owned's Amended Motion to Dismiss for Failure to State a Claim (Filing No. 8), the parties' consent to magistrate judge jurisdiction (Filing No. 22 at ECF p. 6), and Judge Pratt's Order of Reference (Filing No. 23). The matter is fully briefed (Filing No. 9; Filing No. 12 at ECF p. 3), and the Magistrate Judge, being duly advised, **DENIES** the motion.

I. Background

Ralston, formerly a car salesman for Craig & Landreth, alleges that the dealership wrongly withheld sales commissions from his paychecks because of his race and fired him after he complained about the withholdings. In September of 2013, Ralston filed his Complaint pro se, seeking relief under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and 42 U.S.C. § 1981. (*See* Filing No. 1.) In the Complaint, Ralston described how the dealership allegedly withheld his commissions and

terminated his employment, but he did not explicitly allege that the dealership took these actions because of his race or age. (*See id.* at ECF pp. 2–3.)

The following month, the dealership asked the Court to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). (*See* Filing No. 8.) In its one-page brief, the dealership explains that Ralston's "statement of claim has absolutely no allegations of any violations that would fall under the Equal Rights Acts, under the Age Discrimination in Employment Act or the Civil Rights Act." (Filing No. 9 at ¶ 2.) In February of 2014, after the Court appointed counsel to represent him, Ralston moved for leave to amend his Complaint and attached a copy of his proposed revisions. (Filing No. 17; Filing No. 17-1.) As its sole objection to Ralston's efforts to amend the Complaint, the dealership alleged that "the proposed Amended Complaint contains fraudulent representations on the part of the Plaintiff." (Filing No. 18 at ¶ 6.) The Court granted Ralston's motion (Filing No. 19), and Ralston promptly filed his Amended Complaint (Filing No. 20).

The Amended Complaint seeks relief only under Section 1981 and Title VII (Filing No. 20 at ECF pp. 4–5) and alleges the following:

- The dealership withheld commissions in amounts unauthorized by Ralston's employment agreement.[1]

- The dealership did not withhold commissions from Caucasian salespeople under the same circumstances.[2]

- The dealership took no action when Ralston reported that a Caucasian co-worker threatened him with a knife at work.[3]

---

[1] Filing No. 20 at ¶¶ 13–14, 18–23.
[2] Filing No. 20 at ¶¶ 18, 20, 22, 24.

2

- The dealership fired him because he complained about the withholdings.[4]
- The dealership replaced him with a Caucasian employee.[5]

**II. Legal Standard**

To satisfy the Federal Rules of Civil Procedure, a complaint need only advance "a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2); Pisciotta v. Old Nat'l Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). But, that short and plain statement must include allegations that "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" and "'raise a right to relief above the speculative level.'" Pisciotta, 499 F.3d at 633 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This means the complaint must enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). When undertaking this inquiry, a reviewing judge may consider only the allegations presented in the Complaint. Wilson v. Price, 624 F.3d 389, 391 n.1 (7th Cir. 2010) (citation omitted). Furthermore, he must treat all well-pled allegations as true and draw all inferences in Becker's favor. Bielanski v. County of Kane, 550 F.3d 632, 633 (7th Cir. 2008) (citations omitted).

---

[3] Filing No. 20 at ¶ 25.
[4] Filing No. 20 at ¶¶ 17, 19, 21, 23–26.
[5] Filing No. 20 at ¶ 27.

3

**III. Discussion**

Ralston has satisfied Rule 8.  The dealership's attacks on Ralston's original Complaint are moot: It has been amended.  If proven true, the Amended Complaint's allegations would plausibly entitle Ralston to relief under either Section 1981 or Title VII.  Notably, the dealership does not argue otherwise.  Instead, it contends that Ralston's accusations are untrue.  (Filing No. 18 at ¶ 6.)  But the Court may consider only the allegations in the Amended Complaint when ruling on a motion to dismiss.  The dealership may prove Ralston's charges fraudulent later in the proceedings.  For now, though, the Court cannot dismiss the Amended Complaint because of the dealership's fraud allegations any more than it could enter judgment for Ralston on the basis of his yet-unproven discrimination allegations.

For the foregoing reasons, the Court **DENIES** Craig & Ralston's Amended Motion to Dismiss for Failure to State a Claim.

**SO ORDERED** this 7th day of May, 2014.

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Served electronically on all ECF-registered counsel of record.**